JOURNAL ENTRY AND OPINION
Plaintiff-appellant Gail Subers appeals from the order granting summary judgment in favor of defendant-appellee Allstate Insurance Co. On appeal, Ms. Subers contends that the trial court erred in employing a comparison of policy limits to policy limits to bar her ability to recover under the underinsurance provisions of her policy. For the reasons that follow, we reverse and remand for further proceedings.
The facts pertinent to this appeal are generally not in dispute. In January 1999, Ms. Subers' brother, Mark Roth, was killed in a head on collision with another vehicle driven by John Hall. The administratrix of the estate commenced litigation on behalf of the estate. This case involves multiple plaintiffs and defendants.
Allstate and Ms. Subers stipulated that the alleged tortfeasor, Mr. Hall, had automobile insurance with coverage limits of $100,000 per person and $300,000 per accident. They likewise agree that Ms. Subers' automobile insurance policy with Allstate provides uninsured/underinsured motorist coverage limits of $100,000 per person and $300,000 per accident.
There is no evidence in the record indicating what, if any, amounts of money that Ms. Subers has received from the amount available for payment from all bodily injury liability bonds and insurance policies in this case.
In ruling upon Allstate's motion for summary judgment, the trial court adopted the persuasive authority from the Twelfth District Court of Appeals which provided that `where the tortfeasor's liability coverage is equal to or greater than the insured's UIM policy limit, the insureds may not recover under their UIM policy.' Littrell v. Wigglesworth, 2000 Ohio App.Lexis 933 (12th Dist. 2000). The trial court then employed a policy limit to policy limit comparison between Ms. Subers' and Mr. Hall's policies and because the limits were equal granted summary judgment in favor of Allstate. Ms. Subers appeals from this judgment assigning the following error for our review:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT, FOR APPELLEE ALLSTATE INSURANCE COMPANY, BASED UPON A COMPARISON OF POLICY LIMITS TO POLICY LIMITS TO DETERMINE THE AMOUNTS AVAILABLE FOR PAYMENT, PURSUANT TO
O.R.C. 3937.18(A)(2).
This appeal centers upon an insured's ability to recovery pursuant to the underinsured motorists provisions in her insurance policy for injuries resulting from the death of her brother in an automobile collision. We review the grant of summary judgment de novo. The construction of an insurance contract is a matter of law. Chicago Title Ins. Co. v. The Huntington Nat'l Bank (1999), 87 Ohio St.3d 270, 273.
Ms. Subers' contends that the trial court erred in construing the setoff provision contained in R.C. 3937.18(A)(2) which provides that [t]he policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
It is Ms. Subers' position that the trial court should not have made a policy limit to policy limit comparison, but rather should have assessed the amount of money that the she actually recovered from the tortfeasor because this case involves multiple injured parties.
Allstate counters that the trial court properly entered summary judgment for two reasons. Primarily, Allstate urges that the policy requires the insured to have sustained bodily injury and that its insured, Ms. Subers, was not involved in the accident that killed her brother and, therefore, did not sustain bodily injury as defined under the policy. This is contrary to the law in Ohio as established in Moore v. State Automobile Mutual Ins. Co. (2000), 88 Ohio St.3d 27. In Moore the Ohio Supreme Court expressly directed that R.C. 3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer. Id., syllabus. While granting summary judgment on that basis would be contrary to the law, we find no evidence in the record that would suggest that the trial court based its judgment on that erroneous position.
We move next to Allstate's remaining contention that there is no indication that plaintiff has not been fully compensated from the alleged multiple policies involved in this litigation. While this is true, it is equally true that there is no indication that Ms. Subers was fully compensated so as to bar her ability to recover under the underinsured provisions of the Allstate policy at issue in this case. We find this is a factual issue that the trial court never reached since it entered summary judgment on a policy limit to policy limit comparison.
In granting Allstate summary judgment, the trial court relied upon the reasoning of an unreported decision from the Twelfth District Court of Appeals which the Ohio Supreme Court recently reversed. Littrell v. Wigglesworth (2001), 91 Ohio St.3d 425. In reversing the lower court, the Ohio Supreme Court held that [f]or purposes of setoff, the `amounts available for payment' language in R.C. 3937.18(A)(2) means the amounts actually accessible to and recoverable by an underinsured motorist claimant from all bodily injury liability bonds and insurance policies (including from the tortfeasor's liability carrier). Clark v. Scarpelli (2001), 91 Ohio St.3d 271, 744 N.E.2d 719, followed and applied. Id., syllabus. This holding necessarily rejects a policy limit to policy limit comparison.
In both Clark and Littrell, the Ohio Supreme Court noted the intent and purpose behind the underinsured motorist legislation to treat injured automobile policyholders the same whether a tortfeasor is underinsured or uninsured. See Clark, 91 Ohio St.3d at 276. In Clark the court specifically addressed situations involving multiple injured parties and noted that [i]t would be manifestly absurd to interpret the S.B. 20 amendments to R.C. 3937.18(A)(2) as permitting an insurer to offset, against its own insured, those amounts that a tortfeasor's automobile liability insurance carrier has paid to other injured parties. Id. at 279 (emphasis in original).
Despite Allstate's assertion that the estate received payments in excess of $2,000,000.00," we are unable to ascertain from the record whether Ms. Subers received any payment. Following the law of Clark and Littrell, Ms. Subers is entitled to underinsured motorist coverage up to the appropriate limit of her Allstate policy, reduced by any amounts received from the tortfeasor. Littrell, 91 Ohio St.3d at 432. The order of summary judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and ANN DYKE, P.J., CONCUR.